IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:19-cr-00146-HZ-1 |
| Plaintiff, | ORDER |
| v. | |
| ROBERT NORMAN BENHAM, | |
| Defendant. | |

Hannah Horsley
United States Attorney's Office
1000 SW Third Avenue
Suite 600
Portland, OR 97204

Amy Potter
United States Attorney's Office
405 E. 8th Avenue
Suite 2400
Eugene, OR 97401

    Attorneys for Plaintiff

1 – OPINION & ORDER

Robert Hamilton
Nell Brown
Federal Public Defender's Office
101 SW Main Street
Suite 1700
Portland, OR 97204

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Defendant Robert Norman Benham moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. The Court has reviewed, in addition to the motion and response, Defendant's other filings, which include Defendant's reply to the motion [40], Supplemental Exhibits [44], and Supplemental Submission in Support of Sentence Reduction [49], [50]. Because Defendant has not demonstrated extraordinary and compelling reasons for his release and remains a danger to the community, the Court denies Defendant's Motion to Reduce Sentence.

      A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release by either the defendant or the Bureau of Prisons:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

2 – OPINION & ORDER

> (i) Extraordinary and compelling reasons warrant such a reduction; [ . . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances, including "death or incapacitation of the caregiver of the defendant's minor child"; and (D) other reasons, as determined by the Director of the Bureau of Prisons, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n.1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

Defendant's medical conditions do not constitute an extraordinary and compelling reason to reduce his sentence. Defendant suffers from a past latent tuberculosis infection, seizures, hypertension, Hepatitis C, bipolar disorder, gastroesophageal reflux disease with gastritis, and

3 – OPINION & ORDER

pancreatitis. Def. Mot. 1–3, ECF 31. The Centers for Disease Control has identified conditions that definitively place a person at increased risk and other conditions that may increase the risk of severe illness or death of a person who contracts COVID-19.[2] Defendant has no medical history of a health condition that definitively places him in an at-risk category. One of Defendant's medical conditions, hypertension, might place him at incresed risk of serious illness.[3] Although the CDC has identified chronic liver disease as a condition that might increase the risk of severe illness, Hepatitis C alone is not.[4] Defendant points out that he has been unable to obtain testing to determine whether his Hepatitis C has evolved into cirrhosis of the liver, which is a chronic liver disease that may place him at increased risk of severe illness. But the Court cannot speculate about the results of Defendant's future liver testing to find an extraordinary and compelling reason to reduce his sentence. Likewise, without evidence supporting his claims, the Court cannot assume that Defendant's history of smoking and IV drug use have caused lung or other organ damage as a basis to grant his motion for compassionate release.

Defendant argues that the risks attendant with his incarceration at FCI Sheridan, when combined with the risks associated with his health conditions, constiute an extraordinary and compelling reason to reduce his sentence. Def. Mot. 13–14. Currently, one inmate and five staff members at FCI Sheridan are infected with COVID-19.[5] Although Defendant argues that his

---

[2] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Feb. 22, 2021).
[3] *Id*.
[4] *Id*.
[5] *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Mar. 17, 2021).

inablility to social distance and avoid confined areas places him at increased risk of contracting COVID-19 while incarcerated, fifty-eight of FCI Sheridan's 1,436 inmates have contracted COVID-19, and each has recovered.[6] Thus, the Court finds that the risks endemic with incarceration at FCI Sheridan in conjunction with his health conditions do not establish an extraordinary and compelling reason to reduce Defendant's sentence.

Even if the Court agreed that extraordinary and compelling reasons warranted Defendant's release, Defendant has failed to demonstrate that he no longer remains a danger to the community under 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13. The nature of Defendant's underlying offense, his criminal history, and his characteristics are significant. Defendant has an extensive criminal history that includes burglary, assault, possession of stolen mail, and escape. PSR ¶¶ 62–81, ECF 23. The nature of the offense that led to his present sentence was a string of nine unarmed bank robberies during which he stole more than $23,000 from various banks. PSR ¶¶ 1–8. The Court sentenced Defendant to a term of eighty four months followed by a three-month term of supervised release. Judgment 2–3, ECF 28. As of the date of his motion for compassionate release, Defendant had 55 months remaining on his sentence. Def. Mot. 2. Defendant's projected release date is April 22, 2025. Thus, Defendant has served less than half of his seven-year sentence.

Defendant argues that due to post-offense developments, his sentence is now greater than necessary. Specifically, Defendant argues that the sentencing court could not have anticipated that his conditions of incarceration would include potential exposure to a deadly virus and that high infection rates and increasing inmate deaths in BOP facilities nationwide coupled with

---

[6] *Id.*; *FCI Sheridan*, Bureau of Prisons, https://www.bop.gov/locations/institutions/she/ (last accessed March 5, 2021).

5 – OPINION & ORDER

BOP's lack of adequate response to the pandemic create new conditions of confinement that render his eighty-four-month sentence greater than necessary to meet the objectives of § 3553(a). Def. Mot. 21. He also argues that he has demonstrated signs of rehabilitation during his term of imprisonment thus far. *Id*.

The Court disagrees that Defendant's sentence has become disproportionate to his offenses in light of the pandemic and his signs of rehabilitation. Reducing Defendant's sentence would undermine the sentencing factors under 18 U.S.C. § 3553(a). The eighty-four-month sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public. That remains true. As a result, the Court finds that compassionate release is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [31] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: March 25, 2021.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER