IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                              No. 3:19-cr-00146-HZ

            Plaintiff,                              ORDER

    v.

ROBERT BENHAM

            Defendant.

HERNÁNDEZ, District Judge:

Defendant Robert Benham moves a second time for the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a

1 – ORDER

defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the

passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress

amended § 3582(c)(1)(A) to also allow a defendant, after first requesting that the BOP move for

a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of

extraordinary and compelling reasons, including the defendant's age, medical condition, and

"family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's

policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on

behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate

release, the policy factors "may inform a district court's discretion . . ., but they are not binding."

*Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling

reason for release that a defendant might raise. *Id.* This is broad in scope. The Supreme Court

recently held that a district court may consider intervening changes of law or fact. *Concepcion v.*

*United States*, 142 S. Ct. 2389, 2396 (2022). And the Ninth Circuit subsequently held that a

district court may consider non-retroactive changes to penalty provisions. *United States v. Chen*,

48 F.4th 1092, 1098 (9th Cir. 2022). Where a defendant advances several bases in support of a

motion for compassionate release, the district court should consider whether those reasons

2 – ORDER

combined rise to the level of extraordinary and compelling even if no circumstance alone justifies compassionate release. See *id.* at 1101.

First, Defendant seeks compassionate release based on the COVID-19 pandemic, as he did in his first motion. *See* Def. Mot., ECF 55. Now, using what appears to be a boilerplate form, he raises general arguments about the risk of COVID-19 and the conditions of confinement at FCI Sheridan during the lockdown. *Id.*  But generalized concerns about the pandemic are not "extraordinary and compelling reasons" justifying compassionate release. *See United States v. Navarrette-Aguilar*, 3:12-CR-00373-HZ-1, 2021 WL 3260056, at *2 (D. Or. July 28, 2021); *United States v. Navarrette-Aguilar*, No. 252, 3:12-CR-00373-HZ-1 (D. Or. July 8, 2022).

Second, Defendant appears to seek compassionate release based on a future change to Sentencing Guideline § 4A1.1(d), which adds two points to the criminal history score of a defendant who committed the offense while under any sentence. Def. Mot. 3. But as the Government points out, no points were added under § 4A1.1(d) in this case. Gov't Resp. 8 n.2 (citing PSR, ECF 23; Plea Agreement ¶ 7, ECF 22). Defendant has not demonstrated extraordinary or compelling reasons warranting his release.

Finally, as the Court has already concluded, a reduction in Defendant's sentence is not warranted under § 3553(a). Order 4–6, ECF 54. Defendant is currently serving an 84-month sentence for nine different bank robberies and has a lengthy criminal history. *Id.* The sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public. Compassionate release is not warranted.

///

///

3 – ORDER

**CONCLUSION**

Defendant's Motion to Reduce Sentence [55] is DENIED.

IT IS SO ORDERED.

DATED:__September 28, 2023__.

_____

MARCO A. HERNÁNDEZ
United States District Judge